**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**(SOUTHERN DIVISION)**

CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770

August 6, 2026

LETTER TO COUNSEL

RE: *Lisa K. v. Bisignano, Commissioner of Social Security*
Civil No. 1:25-cv-01576-GLS

Dear Counsel:

Pending before this Court are briefs filed by Plaintiff Lisa K. and the Social Security Administration. (ECF Nos. 9, 11, 12). Upon review of the filings and the record, the Court finds that no hearing is necessary. *See* Local Rule 105.6. (D. Md. 2025).

The Court must uphold the decision of the Social Security Administration ("SSA" or "the Agency") if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The substantial evidence rule "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig*, 76 F.3d at 589. This Court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the SSA. *Id.* For the reasons set forth below, I will reverse the Commissioner's decision in part and remand the case back to the SSA for further consideration.

## I. BACKGROUND

Plaintiff filed a Title II Application for a Period of Disability and Disability Insurance Benefits on January 31, 2020, alleging that disability began on June 1, 2019. (Tr. 74-77). These claims were initially denied on July 9, 2020, and upon reconsideration, denied again on August 5, 2021. (Tr. 15, 74-75, 125-29). On August 18, 2021, Plaintiff filed a written request for a hearing, which was granted. An Administrative Law Judge ("ALJ") held a telephonic hearing on December 29, 2021. (Tr. 15, 31-73). On January 11, 2022, the ALJ found that Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act. (Tr. 12-25). On July 20, 2022, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final and reviewable decision of the SSA. (Tr. 1-6). *See also* 20 C.F.R. §422.210(a).

Plaintiff then filed a civil action in the U.S. District Court-Maryland seeking judicial review of the Agency's decision, pursuant to 42 U.S.C. §405(g) (Tr. 1242-1245). On July 17, 2023, the Court remanded the case back to the Agency to evaluate whether the claimant had a moderate limitation with concentration, persistence, and maintaining pace ("CPP") and, if so, to provide an

appropriate corresponding limitation in the residual functional capacity finding. (Tr. 1059-63). On September 26, 2023, the Appeals Council issued its remand order for further administrative proceedings. (Tr. 1054-58). On September 9, 2024, the ALJ held a telephonic hearing. (Tr. 990-1005). The ALJ held a supplemental hearing on December 10, 2024. (Tr. 1006-45). On February 11, 2025, the ALJ found that Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act. (Tr. 961-82). The ALJ's decision became the final decision of the SSA when Plaintiff did not file written exceptions, and the Appeals Council did not review the decision on its own. (Tr. 961-63). Plaintiff now seeks judicial review of the SSA's decision under 42 U.S.C. § 405(g).

## II. THE LAW

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is deemed to have a disability if her "physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work . . . which exists in significant numbers in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A).

To determine whether a person has a disability, the ALJ engages in the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520(a), 416.920(a). *See, e.g., Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003); *Mascio v. Colvin*, 780 F.3d 632, 634-35 (4th Cir. 2015). The steps used by the ALJ are as follows: step one, assess whether a claimant has engaged in substantial gainful activity since the alleged disability onset date; step two, determine whether a claimant's impairments meet the severity and durations requirements found in the regulations; step three, ascertain whether a claimant's medical impairment meets or equals an impairment listed in the regulations ("the Listings"). If the first three steps are not conclusive, i.e., a claimant's impairment is severe but does not meet one or more of the Listings, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC"). A claimant's RFC is the most that a claimant could do despite her limitations, through consideration of claimant's "'medically determinable impairments of which [the ALJ is] aware,' including those not labeled severe at step two." *Mascio*, 780 F.3d at 635 (quoting 20 C.F.R. § 416.945(a)). Also at step four, the ALJ analyzes whether a claimant could perform past work, given the limitations caused by her impairments. Finally, at step five, the ALJ analyzes whether a claimant could perform jobs other than what the claimant performed in the past, and whether such jobs exist in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4)(i) - 404.1520(a)(4)(v).

At steps one through four, it is the claimant's burden to show that she is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); *Monroe v. Colvin*, 826 F.3d 176, 179-80 (4th Cir. 2016). If the ALJ's evaluation moves to step five, the burden then shifts to the SSA to prove that a claimant has the ability to perform work and, therefore, is not disabled. *Hunter v. Sullivan*, 993

F.3d 31, 35 (4th Cir. 1992) (per curiam).

## III. ANALYSIS PERFORMED BY THE ADMINISTRATIVE LAW JUDGE

On February 11, 2025, the ALJ evaluated Plaintiff's claim upon remand by following the sequential evaluation process outlined above. (Tr. 961-82). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 1, 2019, the alleged onset date of Plaintiff's disability. (Tr. 968). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: age-related osteoporosis, osteoarthritis of the left ankle and foot, affective disorders, anxiety disorders, and post-traumatic stress disorder ("PTSD"). (*Id.*). The ALJ found these impairments were severe because these impairments significantly limit Plaintiff's ability to perform basic work activities as required by SSR 85-28. (*Id.*). At step three the ALJ also determined that none of Plaintiff's impairments or combination of impairments met or medically equaled one or more of the Listings. (Tr. 971-73). The ALJ also found that Plaintiff had a moderate limitation in concentration, persistence, and pace, partially based on her retained abilities, limited mental health treatment, and limited psychiatric examination findings. (*Id.*). Specifically, the ALJ assessed Plaintiff's complaints at the supplemental hearing on December 10, 2024, Plaintiff's June 2020 Psychiatric Consultative Examination, and Plaintiff's psychotherapist's findings and found that she had no more than moderate mental limitations. (Tr. 576-79, 757-58, 973, 1006-45).

At step four, the ALJ took into account Plaintiff's severe impairments and assessed the claimant's RFC. Despite Plaintiff's severe impairments, the ALJ determined that Plaintiff had the RFC to:

> perform light work as defined in 20 CFR 404.1567(b) except with the following limitations: The claimant could no more than occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs; she could not climb ladders, ropes, or scaffolds; she could perform no more than simple, repetitive tasks; and she could have no more than frequent interactions with supervisors, co-workers, and the general public.

(Tr. 974). Here, the ALJ found that Plaintiff was unable to perform past relevant work. (Tr. 980). Before making a finding regarding step five, the ALJ submitted vocational interrogatories to a vocational expert ("VE") on January 13, 2025, asking whether jobs existed in the national economy for an individual with the claimant's age, education, work experience, and RFC. (Tr. 981, 1311-15). The VE responded that given all of these factors, the individual would be able to perform the requirements of occupations such as the following: dry cleaner, file clerk, or housekeeping cleaner. (Tr. 981). The ALJ based his step five findings on the VE's responses to vocational interrogatories. However, Exhibit 29E shows a blank vocational interrogatory containing no responses from the VE. (Tr. 1318-22).

At step five of the sequential evaluation, the ALJ found that Plaintiff was able to perform other work available in significant numbers in the national economy. (Tr. 981). Based on this

finding, the ALJ concluded that Plaintiff was not disabled at any time during the relevant period. (Tr. 981-82).

## IV. DISCUSSION

On appeal to this Court, Plaintiff advances the following arguments: (1) the RFC fashioned by the ALJ failed to account for Plaintiff's moderate limitations in concentration, persistence, and pace; (2) the ALJ failed to properly evaluate Plaintiff's allegations of mental dysfunction; (3) the ALJ failed to evaluate the treating medical source opinion of Mary Rifino, M.D. ("Dr. Rifino"); and (4) the ALJ failed to explain how the Agency met its burden to show that Plaintiff was able to perform a significant number of jobs in the national economy. (ECF No. 9, "Plaintiff's Motion"). The SSA counters that: (1) the ALJ adequately explained Plaintiff's mental capacity findings; (2) there was no error in the ALJ's evaluation of the medical evidence, including his evaluation of Dr. Rifino's notes; and (3) the ALJ identified jobs available in significant numbers that Plaintiff could perform. (ECF No. 11, "Agency's Motion").

I have carefully reviewed the arguments and the record. I find persuasive Plaintiff's argument that the ALJ failed to adequately account for her limitations in maintaining concentration, persistence, or pace for the reasons explained herein. Thus, I find that remand is appropriate. Because this case is being remanded, I decline to address Plaintiff's other arguments.

Pursuant to 20 C.F.R. § 416.945(a)(1), a claimant's RFC captures her ability to do physical and/or mental work activities for a sustained period of time, given her limitations. Put another way, a claimant's RFC is defined as the "most that a claimant can do despite her limitations." *Britt v. Saul*, No. 19-2177, 2021 WL 2181704, at *5 (4th Cir. May 28, 2021).

To fashion an RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [her] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)); *see also* 20 C.F.R. § 416.945(a); Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *2 (July 2, 1996). In assessing a claimant's RFC, the ALJ must describe the claimant's ability to perform "sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week)," describing the "maximum amount of each work-related activity" that a claimant can perform. SSR 96–8p, 1996 WL 374184, at *7.

An ALJ's RFC determination should include a "narrative discussion describing how the evidence supports each conclusion citing specific medical facts . . . and nonmedical evidence." (*Id.*). The Fourth Circuit has held that a "proper RFC analysis has three components: (1) evidence; (2) logical explanation, and (3) conclusion." *Thomas v. Berryhill*, 916 F.3d 307, 312 (4th Cir. 2019). In her narrative discussion, an ALJ must "build an accurate and logical bridge from the evidence to [her] conclusion." *Petry v. Comm'r, Soc. Sec. Admin.*, Civ. No. SAG 16-464, 2017 WL 680379, at *2 (D. Md. Feb. 21, 2017) (citation omitted). Furthermore, an ALJ's logical

explanation is just as important as the other two components of the RFC analysis. *Rosalind M. v. Saul*, Civ. No. GLS 19-2791, 2020 WL 6450503, at *2 (D. Md. Nov. 3, 2020).

On appeal to this Court, Plaintiff argues that upon remand, the ALJ found that Plaintiff's ability to concentrate, persist, and maintain pace were moderately limited, yet failed again to include a corresponding limitation in Plaintiff's RFC, or to thoroughly explain why no such limitation was necessary. (Plaintiff's Motion, pp. 3-7). In the absence of either a corresponding limitation or an adequate explanation, remand is required. *Mascio*, 780 F.3d 632; *Talmo v.Comm'r, Soc. Sec. Admin.*, Civ. No. ELH 14-2214, 2015 WL 2395108 (D. Md. May 19, 2015). Plaintiff argues that this Court previously concluded that the ALJ's RFC finding, which limits Plaintiff to simple and repetitive tasks, failed to adequately address Plaintiff's moderate limitations according to the Fourth Circuit's holding in *Mascio*. (Plaintiff's Motion, p. 4). *See* 780 F.3d 632. Plaintiff relies primarily on *Mascio* to further her argument that the ALJ's RFC finding was inadequate because, as the court held in *Mascio*, "the ability to perform simple tasks differs from the ability to stay on task." (Plaintiff's Motion, pp. 3-5).

In contrast, the SSA argues that remand is not required when the ALJ's RFC analysis is supported by substantial evidence and includes the narrative discussion mandated by SSR 96-8p. (Agency's Motion, p. 7). Specifically, the SSA asserts that the ALJ supported his findings by noting that Plaintiff's limited mental health treatment and limited positive mental status examination and psychiatric examination findings indicated that Plaintiff retained at least fair abilities in concentrating, persisting, and maintaining pace. (*Id.* at 8). Additionally, the SSA argues that because inconsistencies exist between Plaintiff's allegations and the objective medical evidence, the ALJ's findings further support that Plaintiff had no more than moderate mental limitations. (*Id.*). The SSA relies on *Norton v. Saul*, 1:20-CV-00060-KDB, 2021 WL 861710, at *3 (W.D.N.C. Mar. 8, 2021), to advance its argument that the ALJ's reliance on the prior administrative medical findings that indicated Plaintiff could complete simple tasks even with moderate limitations in concentration, persistence, or pace satisfies the explanation required to support the RFC limitations. (Agency's Motion, p. 12). The SSA also relies on *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020), to advance its argument that the ALJ's discussion was sufficient to allow this Court to perform meaningful review of his findings. (*Id.* at 10).

I find *Mascio* and *Shinaberry* to be controlling here. In *Mascio*, the Fourth Circuit found that the ALJ made several errors in the claimant's RFC findings that led to the denial of the claimant's supplemental security income benefits. Of particular relevance here is the Fourth Circuit's holding that the ALJ erred by not explaining why Mascio's moderate limitation in concentration, persistence, or pace at step three was not incorporated in the RFC finding. *Mascio*, 780 F.3d at 638. The appellate court further reasoned that the ALJ does not account for a claimant's limitations in concentration, persistence, and pace by simply restricting a claimant's RFC to simple, routine tasks because the ability to stay on task differs from the ability to perform simple tasks. *Id.* Therefore, the Fourth Circuit found that the ALJ's deficient explanation frustrated a meaningful review. *Id.* at 638-89. *Shinaberry* is also instructive because the Fourth Circuit makes clear that it does "not impose a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." *Shinaberry*,

952 F.3d at 121. Instead, the Fourth Circuit held that limiting a claimant to performing "simple tasks" **can** account for moderate limitations in concentration, persistence, or pace **if** the ALJ explicitly states why a limitation to "simple tasks" is appropriate. *Id.* (emphasis added). The lesson from *Shinaberry*, then, is that the ALJ must explain that if a claimant's RFC is silent about a claimant's limitations in concentration, persistence, or pace, then evidence still exists to support the notion that the claimant's limitation does not impede her ability to stay on task and to complete simple tasks. *Id*.

I do not find that the ALJ's RFC assessment properly accounted for Plaintiff's difficulties in maintaining concentration, persistence, and pace. At step three of the sequential evaluation process, the ALJ held that the record supports that Plaintiff suffered from affective disorders, anxiety disorders, and PTSD, which the ALJ found to be severe because they limited her ability to perform basic work activities. (Tr. 968). The ALJ also found that Plaintiff had moderate difficulties maintaining concentration, persistence, and pace. (Tr. 972-73). In so finding, the ALJ credited Plaintiff's allegations, but also noted that her medical record showed only limited mental health treatment and positive examination findings during the period at issue. (*Id.*). The RFC only includes a social-functioning limitation that Plaintiff can have "no more than frequent" interactions with supervisors, co-workers and the public. (Tr. 974). Even though the RFC does reflect that Plaintiff can "perform no more than simple, repetitive tasks," there is no explicit limitation related to her difficulties with concentrating, persisting, and maintaining pace. (*Id.*). The RFC does include the limitation that Plaintiff can "perform no more than simple, repetitive tasks," but this is not enough to account for her moderate limitation in concentration, persistence and pace as established by *Mascio*. 780 F.3d at 638 (finding that the ability to stay on task differs from the ability to perform simple tasks). The ALJ merely states that the RFC accounts for Plaintiff's moderate limitations in concentrating, persisting, and maintaining pace by restricting her to performing simple, repetitive tasks, "which require less concentration or focus." (Tr. 978). The ALJ does not explain how evidence logically supported his conclusion that despite Plaintiff's moderate mental functional limitations Plaintiff can still "perform simple, repetitive tasks." (Tr. 977, 979). Put another way, the ALJ's narrative does not discuss the facts that logically support the moderate mental functional limitation that the ALJ fashioned, and why the limitation is sufficient. The failure to provide a specific explanation addressing these points constitutes error, and remand is required. *Talmo*, 2015 WL 2395108, at *3 (case remanded where ALJ failed to cite any evidence to support conclusions regarding Plaintiff's ability to perform tasks related to concentration, persistence, and pace); *Williams v. Berryhill*, Civil No. TMD 17-1083, 2018 WL 3092273, at *6 (D. Md. June 22, 2018) (requiring remand because RFC limiting Plaintiff to simple, routine, repetitive tasks failed to account for Plaintiff's moderate difficulties in maintaining concentration, persistence, or pace); *Shinaberry*, 952 F.3d at 122 (finding no error because the ALJ considered the finding at step three that she has moderate limitations in her concentration, persistence, or pace, and explained that Shinaberry's borderline intellectual functioning "support[s] the additional mental limitation restricting the claimant to jobs requiring only simple, routine, repetitive tasks."). Finally, there is no explanation from the ALJ about how Plaintiff can stay on task given her limitations. (Tr. 977-80). This is contrary to *Mascio*. 780 F.3d at 638-89.

In sum, because I am unable to ascertain how the RFC accounted for Plaintiff's moderate

limitations in concentration, persistence, and pace, I find that the RFC assessment lacks the analysis required of the ALJ, as proscribed by SSR 96-8p. Thus, remand is necessary. On remand, the ALJ should provide a clearer narrative discussion that incorporates Plaintiff's ability to stay on task and explains how the evidence supports his conclusions, ensuring that there is an accurate and logical bridge from the evidence to any conclusion made.

## V. CONCLUSION

For the reasons set forth above, consistent with sentence four of 42 U.S.C. § 405(g), the Agency's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. I express no opinion as to whether the ALJ's ultimate finding that Plaintiff is not disabled, and therefore, not entitled to benefits, is correct. The Clerk of the Court is directed to **CLOSE** this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as such. A separate Order follows.

Sincerely,

/s/
The Honorable Gina L. Simms
United States Magistrate Judge